943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis David SAMUELS, Defendant-Appellant.
 No. 90-3911.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Dennis Samuels appeals from his conviction for "using or carrying a firearm during and in relation to a drug trafficking crime." Title 18, United States Code, Section 924(c).[1] He asserts here that the proof at trial was insufficient to allow this conviction to stand.
 
 
 2
 Among the other counts of which he was convicted at trial, and of which he does not complain, is included possession of cocaine with intent to distribute. Title 18, United States Code, Section 841(a)(1).
 
 FACTS
 
 3
 In a brief investigation, officers of Cleveland, Ohio's, "Caribbean Organized Crime Drug Enforcement Task Force" trailed a suspected drug courier from the Cleveland airport to an apartment. After leaving the apartment shortly afterwards, the individual was stopped and found to have $15,000 in cash, neatly wrapped, in her possession.
 
 
 4
 A search warrant was obtained. Upon entering the apartment to execute the warrant, officers observed the defendant moving quickly from the upstairs front bedroom to the hall bathroom, where he was apprehended trying to flush a quantity of cocaine down the toilet. In the furnished front bedroom officers found, in addition to the defendant's jacket and hat, two police scanners, a walkie-talkie, cocaine, $2,400 in cash, and an electronic scale. It is fair to say, as the jury did with their verdict, that these physical items support a conclusion that there was drug trafficking taking place on the premises in general, and in the front bedroom in particular. From the evidence, the defendant was at or near the core of it.
 
 
 5
 In addition to the foregoing items, officers also located in the front bedroom a .357 magnum revolver, loaded with hollow-point cartridges and having a sawed-off barrel, hidden under the mattress "very close to the edge of the mattress and box spring," where "[i]t was very readily at hand," according to witness Detective Mark Kabat.
 
 ANALYSIS
 
 6
 When reviewing the sufficiency of the evidence supporting a criminal conviction, "we must reverse only if the evidence is such that a reasonable mind could not find guilt beyond a reasonable doubt." United States v. Stull, 743 F.2d 439, 442 (6th Cir.1984), cert. denied, 470 U.S. 1062 (1985). The evidence must be viewed in the light most favorable to the government. United States v. Johnson, 855 F.2d 299, 303 (6th Cir.1988).
 
 
 7
 There are two elements in the crime of conviction at issue here: 1) some form of weapon control (viz, the statute's concept of "uses" or "carries") and 2) relation to the underlying drug trafficking offense.
 
 
 8
 Our Circuit has held that the using or carrying requirements "should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." U.S. v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.1989). Actual possession is not found within the ordinary meaning of the words "use" or "carry" and the government is not burdened with proving such possession. Id. at 951.
 
 
 9
 The presence of an easily accessible and loaded weapon in close conjunction with drugs, scales and cash allows a trier of fact to conclude rationally that the weapon was related to the trafficking of drugs. U.S. v. Henry, 878 F.2d 937, 944 (6th Cir.1989). From the presence of both his clothing and himself on the second floor of the apartment, the jury had a reasonable basis from which to conclude that the defendant was occupying (although perhaps only temporarily) the front bedroom, and that he therefore had knowledge of and access to everything in that room. That the defendant came running from the bedroom upon the officers' entry and was caught trying to eliminate evidence only bolsters the conclusion that the jury could have reached even without reference to such furtive movements. Thus the elements of the offense are supportable, beyond a reasonable doubt, by evidence and inferences from evidence.
 
 
 10
 We find no merit in the "constructive notice" instructional issue raised by the defendant.
 
 
 11
 Accordingly, the verdict of the jury is AFFIRMED.
 
 
 
 *
 Honorable Robert H. Cleland, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The statute provides: "Whoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall ... be sentenced to imprisonment for five years ... [T]he term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment